THE PEOPLE *v.* VÁZQUEZ.

APPEAL from the District Court of Guayama.

No. 25.—Decided October 29, 1906.

APPEAL—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—BILL OF EXCEPTIONS—
STATEMENT OF FACTS.—Where a defendant móves for a new trial basing his motion on the ground that he has discovered new evidence the provisions of paragraph 7 of section 303 of the Code of Criminal Procedure must be strictly complied with, and if no bill of exceptions or statement of facts is included in the transcript of the record, the motion for a new trial cannot be considered on appeal.

FALSE PRETENSES—INFORMATION—ESSENTIAL ALLEGATION.—In every information charging the crime of false pretenses there must be an allegation to the effect that all or some of the material facts, which the defendant stated as true, are false; the allegation of falsity must be distinct and specific, as in an information charging the crime of perjury.

ID.—In the case at bar Vázquez was accused as follows: That Buitrago and Vázquez, knowingly and intentionally, availing themselves of the false repre-: sentation that Vázquez was going to sell a house of Buitrago's which was mortgaged to another person and which mortgage was due on that day, obtained from Rafael Figaredo checks to the amount of $100 to cover the said mortgage, and defrauding Figaredo in that amount: *Held,* That these facts are not sufficient to constitute the crime of false representation, and that in addition to these allegations the information should have stated that Vázquez did not own the house referred to, and in the absence of this allegation cannot be deemed to have been remedied by the result of the evidence taken.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for appellant.
*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of Guayama an information was filed against Manuel Buitrago and Francisco Vázquez, for the crime of false pretenses (*falsa representación é impostura*) and the essential part of the information was as follows:

"The *fiscal* filed an information against Manuel Buitrago and Francisco Vázquez for the crime of false pretenses (a felony) committed in the following manner: On the 27th of June, 1905, in Patillas, which forms a part of the judicial district of Guayama, the accused persons, Manuel Buitrago and Francisco Vázquez, knowingly and intentionally availing themselves of the false representation that Vázquez was going to sell a house to Buitrago, which was mortgaged in favor of Tomás Cano & Co., and which mortgage would fall due on that same day, obtained from Rafael Figaredo bills of exchange amounting to $100 for the purpose of paying the amount of the mortgage, defrauding the said Figaredo in that amount. This act is contrary to the law for such case provided, and against the peace and dignity of The People of Porto Rico."

There was a severance of the case against the two accused persons. The defendant Vásquez was substantially tried by the court and found guilty and sentenced to two years in the penitentiary at hard labor, and the payment of the costs. On appeal to this court it is contended that a motion for a new trial made by him should have been granted. We think this contention has been sufficiently answered by the *fiscal,* when he says that the motion was partly granted on proof which is not before this court, there being no bill of exceptions or statement of facts, and that with respect to the allegation of newly discovered evidence, the law was not followed. See section 303, paragraph 7 of the Code of Criminal Procedure and also the opinion of this court in the case of *The People of Porto Rico* v. *Vidal Otero,* decided on the 22d day of October, 1906. The appellant further alleges that the information was defective in not showing what the particular false pretenses were. It is clear that the proposed sale of a house by Vázquez was not such a statement of an existing fact which

would subject the appellant to an indictment for false pretenses. (See American and English Encyclopedia of Law, Vol. VII, p. 714.)

The representation that it was a mortgaged house, when in point of fact it was not, should not have misled the prosecuting witness. Nor was the fact that the mortgage on it was about to become due the same day a materially false pretense. None of this alleged pretense, it seems to us, would represent the person making them as having a greater responsibility than he really had. There is nothing in this class of representation which in a normal course of events would induce a person to part with money or property. It is impossible, however, that Vázquez falsely pretended that he owned a house subject to mortgage, when he did not own such house, and in point of fact did not own a house at all. If such was the pretense made by him then its falsity would subject him to a criminal prosecution.

Although the information might be taken to negative the fact of the defendant being about to sell a house, and to negative some of the other immaterial matter, it does not set forth that Vázquez did not own the house described, or that he was of no financial responsibility. Was this failure to set forth his lack of ownership and financial responsibility cured by the trial and judgment? We think not. An essential element of the information for false pretenses is that material representation was false. The American and English Encyclopedia, Volume VII, on page 772, expresses the principle in this manner:

"*Negativing false pretenses charged.*—In every indictment it is absolutely essential that there should be an averment that the pretenses. charged, or some of them, are false. The averment of falsity must be distinct and specific as in an assignment of perjury."

Section 89 of the Code of Criminal Procedure sets forth the averments necessary in perjury so as to include "with

proper allegations of the falsity of the matter on which the perjury is assigned."

The defect in the charge against Vázquez does not lie in the fact that it failed sufficiently to charge the falsity of the representations made by the defendant, but rather in the fact that it does not distinctly set forth that Vázquez owned any house, or the house attempted to be described. The language used does not permit the attempted negation to apply to the ownership of the house by Vázquez. It would have answered all purposes if in addition to the other averments the information had alleged that Vázquez did' not own the house described.

For these reasons we must hold that there was not sufficient charge against the defendant, and the case must be sent back to the District Court of Guayama with instructions to discharge the defendant.

*Accordingly decided.*

Chief Justice Quiñones and Justice Figueras concurred.

Justices Hernández and MacLeary did not take part in the decision of this case.